IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CORNELIO GARCIA AND § <br> GRISELDA GARCIA, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> STARSTONE NATIONAL § <br> INSURANCE COMPANY AND § <br> MILES RYAN MCCREADY, § <br> Defendants. § <br> § | CIVIL ACTION NO. 5:16-cv-1311 <br> JURY DEMANDED |

### DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Starstone National Insurance Company, in Cause No. 2016CL19682, pending in the 438th District Court of Bexar County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and respectfully shows:

### I. FACTUAL BACKGROUND

1.1     On or about November 11, 2016, Plaintiffs filed their Original Petition in the matter styled *Cornelio Garcia and Griselda Garcia v. Starstone National Insurance Company and Miles Ryan McCready*, Cause No. 2016CI19682, pending in the 438th Judicial District Court of Bexar County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy.

1.2     Plaintiffs also assert claims against Miles Ryan McCready, the in-house adjuster assigned to Plaintiffs' claim.

1.3     Plaintiffs served Starstone with process and Plaintiffs' Original Petition on November 29, 2016.

1.4     Plaintiffs' Original Petition states that "[o]n or about April 12, 2016, a hail storm and/or windstorm . . . [caused] severe damage to . . . Plaintiffs' residence." *See* Pl.'s Original Pet. at ¶ 12.

1.5     The Plaintiffs filed a claim with Starstone "for the damage to their home caused by the hail storm and/or windstorm." *See id.*

1.6     The Civil Cover Sheetis attached as Exhibit A to this notice of removal. A copy of the Bexar County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders. The Consent to Removal is attached as Exhibit C. The Affidavit of Michael Schneiderman is attached as Exhibit D.

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a), and 1446.

2.2     At the time the lawsuit was filed, Plaintiffs were residents of the State of Texas. *See* Pl.'s Original Pet. at ¶ 2.

2.3     Defendant Starstone is incorporated as Delaware-domiciled insurance company, and has its principal place of business in New Jersey. Accordingly, Starstone is not a citizen of Texas.

2.4   Defendant Miles Ryan McCready is a citizen of the State of Texas, but is not a proper party to this lawsuit.

### A.   Complete diversity exists between Plaintiffs and Starstone because Defendant Miles Ryan McCready has been improperly joined in this lawsuit.

2.5   Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). To determine whether the plaintiff can recover against the in-state defendant, the district court must analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim. *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Guerrero Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013).

2.6   In their Petition, many of Plaintiffs' allegations are solely directed at Starstone. These allegations assert that Starstone (1) "wrongfully denied Plaintiffs' claim for repairs of the property," "underpaid some of Plaintiffs' claim," and "under-scop[ed] the

damages during its investigation"; (2) continues to delay payment for the property damages; (3) "refused to pay the full proceeds of the policy," despite "due demand" by Plaintiffs; (4) failed to timely acknowledge Plaintiffs' claim and begin an investigation once the claim was made; (5) failed to accept or deny the full and entire claim once it received all required information; and (6) refused to pay Plaintiffs' claim in full with no basis upon which a reasonable insurance company could rely to deny full payment. *See* Pl.'s Original Pet. at ¶¶ 18-20, 26-29.

2.7     Plaintiffs assert additional allegations as to both Starstone and McCready (referred to collectively as Defendants), including that Defendants (1) "set about to deny and/or underpay . . . covered damages"; (2) misrepresented that the damage was not covered; (3) failed to settle the claim in a fair manner; (4) failed to explain and/or communicate with Plaintiffs about the reasons full payment would not be made; (5) failed to make a reasonable investigation of the property;  and (6) "knowingly or recklessly made false representations . . . as to materials facts and/or knowingly concealed all or part of material information from Plaintiffs."  *See id.* ¶¶ 17, 21, 22, 23, 25, 30.

2.9     Plaintiffs also assert allegations against McCready individually.  The Plaintiffs' factual allegations are that Starstone "assigned McCready as the individual adjuster on the claim" and that McCready "inspected Plaintiffs' residence."  *See id.* ¶ 15. Plaintiffs allege that "[d]uring [McCready's] inspection," he misrepresented the amount of damage to the property, underestimated and undervalued the claim, and failed to provide an adequate explanation as to why damages were undervalued or omitted from the estimate. *See id.* ¶¶ 15-16.   Based on these allegations, Plaintiffs assert several causes of actions against McCready, which include violations of the Texas Insurance Code.  *See id.* ¶¶ 33-

39.     Plaintiffs also assert causes of action against McCready and Starstone collectively, which include fraud and conspiracy.  *See id.* ¶¶ 55-58.

2.10    But Plaintiffs wholly fail to allege any facts involving the conduct of their named defendant, Miles McCready, and have therefore failed to secure the required "factual fit between [their] allegations and the pleaded theory of recovery."  *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  Plaintiffs allegations against McCready are based on the conduct of the on-site adjuster during his investigation of the Plaintiffs' property.  However, McCready was not the "individual adjuster" assigned to this claim, as alleged by Plaintiffs in their Original Petition.  *See* Ex. D, Aff. of Michael Schneiderman.  McCready did not perform an on-site inspection of Plaintiffs' "residence" or other covered property on June 18, 2016, as alleged by Plaintiffs in their Petition, and did not make any representations to Plaintiffs about damage to their property, if any, during this alleged inspection.  *See id.*  In short, there are no facts in Plaintiffs' petition supporting their claims against McCready.

2.11    None of Plaintiffs' allegations involve conduct attributable to McCready.  Plaintiffs' failure to allege any specific facts concerning McCready's involvement means that Plaintiffs did not "'state enough facts to state a claim for relief that is plausible on its face.'"  *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570).  In the absence of such factual allegations, "'there is no reasonable basis for the district court to predict that [P]laintiff[s] might be able to recover against'" McCready.  *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47).  McCready is an improper party to this lawsuit and should be dismissed by the Court.

2.12    Because Starstone, a foreign defendant, is the only proper defendant in this action, there is complete diversity between the parties. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.      The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.13    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiffs' complaint. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.14    Here, Plaintiffs' claims are centered on the alleged failure to pay the full proceeds of Plaintiffs' policy, which payment Plaintiffs claim was necessary to make repairs to their property. On November 11, 2016, Plaintiffs filed suit seeking monetary relief of $100,000 or less. *See* Pl.'s Original Pet. at ¶ 5. Plaintiffs' suit alleges five causes of action against Starstone, including breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *See id.* at ¶¶ 40-58. In connection with their claims, Plaintiffs seek actual damages, treble damages, mental anguish damages, exemplary damages, interest, and attorney's fees. *See id.* at ¶¶ 60-67. Although Plaintiffs do not specify a dollar amount, Plaintiffs' suit seeks $100,000 or less, and Plaintiffs' prayer includes treble damages, exemplary damages, interest, attorney's fees and costs that will undoubtedly increase the amount sought and exceed the $75,000 jurisdictional requirement for removal.

2.15    Because Plaintiffs have prayed for damages in excess of $75,000, this case may be properly removed to federal court.

### III.   THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Starstone was first served with Plaintiffs' Original Petition and process on November 29, 2016.  By filing its Notice on this day, December 29, 2016, Defendant Starstone files its Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. § 1446(d), promptly after Starstone files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.4    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Starstone files this Notice.

### IV.  CONCLUSION

4.1    Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Starstone National Insurance Company hereby removes this case to this Court for trial and determination.

By:   /s/ Mikell A. West
Mikell A. West
Attorney-in-charge
State Bar No. 24070832
GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEY FOR DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
Portia Bott
State Bar No. 02687965
pbott@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on December 29, 2016, a copy of Defendant Starstone National Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs, Cornelio Garcia and Griselda Garcia.

**Via CM/RRR #**
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
StormCase@galindolaw.com

    /s/Mikell A. West
      Mikell A. West