# Donna Kay M<sup>c</sup>Kinney

District Clerk  Bexar County

# CERTIFICATE
(Entire File)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

I, <u>Cynthia J. Aponte</u>,  Deputy District Clerk for ***Donna Kay M<sup>c</sup>Kinney***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number <u>2016-CI-19682</u> and Styled <u>CORNELIO GARCIA VS STARSTONE NATIONAL INSURANCE COMPANY ET AL</u> filed in the <u>438th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on this the December 22, 2016.

***Donna Kay M<sup>c</sup>Kinney***
***Bexar County District Clerk***

By: _Cynthia Aponte_
Cynthia J. Aponte, Deputy

FILED
11/11/2016 2:43:42 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Nikki J Garcia

2 CITS PPS M/O / SAC2

CAUSE NO. **2016CI19682**

| | | |
|---|---|---|
| **CORNELIO GARCIA AND** | § | **IN THE DISTRICT COURT OF** |
| **GRISELDA GARCIA,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| | § | |
| **STARSTONE NATIONAL** | § | |
| **INSURANCE COMPANY AND MILES** | § | |
| **RYAN MCCREADY** | § | |
| *Defendants.* | § | **438TH** JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cornelio Garcia and Griselda Garcia ("Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of Starstone National Insurance Company and Miles Ryan McCready (whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleas that this suit is governed by the expedited-actions process in Texas Rules of Civil Procedure 169.

### PARTIES

2.    Plaintiffs Cornelio Garcia and Griselda Garcia are individuals residing in Bexar County, Texas.

3.    Defendant Starstone National Insurance Company (hereinafter referred to as "Starstone") is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by certified mail, return receipt requested, by serving its Attorney for Service, CT Corporation System at 1999 Bryan St Ste 900 Dallas, Texas 75201-3136.

4.    Defendant Miles Ryan McCready (hereinafter referred to as "McCready") is an individual who may be served with personal process by a process server at his place of residence at 505 E. Exchange Pkwy Apt. 3301 Allen, Texas 75002-1747 or wherever he may be found.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

6.    The Court has jurisdiction over Defendant Starstone because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant McCready because this defendant is a citizen of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

8.     Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar

County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

9.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred

to as "the Policy"), which was issued by Starstone.

10.    Plaintiffs own the insured property, which is specifically located at 127 Lakeshore Dr., San

Antonio, Texas 78201, in Bexar County (hereinafter referred to as "the Property").

11.    Starstone sold the Policy insuring the Property to Plaintiffs.

12.    On or about April 12, 2016, a hail storm and/or windstorm struck Bexar County, Texas,

causing severe damage to homes and businesses throughout the region, including

Plaintiffs' residence.  Plaintiffs' roof sustained extensive hail and/or wind damage during

the storm.  Water intrusion through the roof caused significant damage throughout the

entire property including, but not limited to, ceilings, walls, and insulation.  Plaintiffs'

property also sustained substantial structural and exterior damage during the storm,

including but not limited to, the siding, gutters, downspouts, soffit, fascia and trim, as well

as extensive damage to the windows, window screens, fence, and patio roof.  After the

storm, Plaintiffs filed a claim with their insurance company, Starstone, for the damage to

their home caused by the hail storm and/or windstorm.

13.    Plaintiffs submitted a claim to Starstoneagainst the Policy for Roof Damage, Structural

Damage, Water Damage, and Wind Damage and Personal Property Damage sustained as

a result of the hail storm and/or windstorm.

Page 3

14.     Plaintiffs asked that Starstone cover the cost of repairs to the Property pursuant to the
        Policy.

15.     Defendant Starstone assigned McCready as the individual adjuster on the claim. The
        adjuster assigned to Plaintiffs' claim were improperly trained and failed to perform a
        thorough investigation of Plaintiffs' claim. On or about June 18, 2016, Defendant
        McCready inspected Plaintiffs' residence. During his inspection, Defendant McCready
        misrepresented to Plaintiffs that their roof was not damaged by the hail/wind storm that
        occurred on April 12, 2016. Defendant McCready also represented to Plaintiffs that their
        windows, siding and fences were not damaged by the storm, when it was clear that those
        items were damaged by the storm. McCready both underestimated and undervalued the
        cost of repairs to the damaged items that he did include in the estimate. Ultimately,
        McCready's estimate did not allow adequate funds to cover the cost of repairs to all the
        damages sustained, which failed to include all of Plaintiffs' damages noted upon
        inspection. McCready's inadequate investigation of the claim was relied upon by the other
        Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.     Defendant McCready also failed to give Plaintiffs an adequate explanation as to why he
        undervalued and omitted so many of their damages from his report. Although McCready
        was aware of Plaintiff's reported damaged being covered by the Policy, he made
        determination as to the amount of Plaintiff's claim without conducting a thorough and
        reasonable inspection of Plaintiffs' damages. Ultimately, Defendant McCready
        determined that the damages were either not covered under the policy and/or undervalued
        the damages, which are material misrepresentation to Plaintiffs regarding their claim.

17.     Together, Defendants Starstone and McCready set about to deny and/or underpay on properly covered damages. As a result of these defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs has yet to receive the full payment to which they are entitled under the Policy.

18.     As detailed in the paragraphs below, Starstone wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Starstone underpaid some of Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19.     To date, Starstonecontinues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

20.     Defendant Starstonefailed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Starstone's conduct constitutes a breach of the insurance contract between Starstone and Plaintiffs.

21.     Defendants Starstone and McCready misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a

covered occurrence.   Defendants Starstone's and McCready's  conduct constitutes a
violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §
541.060(a)(1).

22.      Defendants Starstone and McCready failed to make an attempt to settle Plaintiffs' claim in
a fair manner, although they were aware of their liability to Plaintiffs under the Policy.
Defendants Starstone's and McCready's  conduct constitutes a violation of the Texas
Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

23.      Defendants Starstone, and McCready failed to explain to Plaintiffs the reasons for their
offer of an inadequate settlement.   Specifically, Defendants Starstone , and McCready
failed to offer Plaintiffs adequate compensation, without any explanation why full payment
was not being made.   Furthermore, Defendants did not communicate that any future
settlements or payments would be forthcoming to pay for the entire losses covered under
the Policy, nor did they provide any explanation for the failure to adequately settle
Plaintiffs' claim.  Defendants Starstone's and McCready's conduct is a violation of the
Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

24.      Defendants Starstone and McCready failed to affirm or deny coverage of Plaintiffs' claim
within a reasonable time.   Specifically, Plaintiffs did not receive timely indication of
acceptance or rejection, regarding the full and entire claim, in writing from Defendants
Starstone and McCready.  Defendants Starstone's and McCready's conduct constitutes a
violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE
§541.060(a)(4).

25.      Defendants Starstone and McCready refused to fully compensate Plaintiffs, under the terms
of the Policy, even though Defendants Starstone and McCready failed to conduct a

reasonable investigation. Specifically, Defendants Starstone and McCready performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Starstone's and McCready's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26.    Defendant Starstone failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Starstone's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.    Defendant Starstone failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Starstone's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28.    Defendant Starstone failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Starstone's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.    From and after the time Plaintiffs' claim was presented to Defendant Starstone , the liability of Starstone to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Starstone has refused to pay Plaintiffs in full, despite there being no basis

Page 7

whatsoever on which a reasonable insurance company would have relied to deny the full payment. Starstone's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. Defendants Starstone and McCready knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31. As a result of Defendants Starstone's and McCready's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

32. Plaintiffs' experience is not an isolated case. The acts and omissions Starstone committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Starstone with regard to handling these types of claims. Starstone's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST MILES RYAN MCCREADY

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

##### UNFAIR SETTLEMENT PRACTICES

33. Defendant McCready's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant McCready is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Starstone, because he is a "person" as defined by

TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendant McCready's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

36.    Defendant McCready's and unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

37.    The unfair settlement practice of Defendant McCready as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

38.     Defendant McCready's settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

39.     Defendant McCready's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### CAUSES OF ACTION AGAINST STARSTONE

40.     Defendant Starstone is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

41.     Defendant Starstone's conduct constitutes a breach of the insurance contract made between Starstone and Plaintiffs.

42.     Defendant Starstone's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Starstone's insurance contract with Plaintiff.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

UNFAIR SETTLEMENT PRACTICES

43.    Defendant Starstone's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article

are made actionable by TEX. INS. CODE §541.151.

44.    Defendant Starstone's unfair settlement practice, as described above, of misrepresenting to

Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance.  TEX.

INS. CODE §541.060(a)(1).

45.    Defendant Starstone's unfair settlement practice, as described above, of failing to attempt

in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

Starstone's liability under the Policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance.  TEX.

INS. CODE §541.060(a)(2)(A).

46.    Defendant Starstone's unfair settlement practice, as described above, of failing to promptly

provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the

facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of

insurance.  TEX. INS. CODE §541.060(a)(3).

47.    Defendant Starstone's unfair settlement practice, as described above, of failing within a

reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a

reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

Page 11

48.    Defendant Starstone's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

## THE PROMPT PAYMENT OF CLAIMS

49.    Defendant Starstone's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

50.    Defendant Starstone's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

51.    Defendant Starstone's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

52.    Defendant Starstone's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

53.    Defendant Starstone's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

54.    Defendant Starstone's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Starstone knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

55.    Defendants Starstone and McCready are liable to Plaintiff for common law fraud.

56.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Starstone and McCready knew were false or made recklessly without any knowledge of their truth as a positive assertion.

57.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

58.    Defendants Starstone and McCready are liable to Plaintiffs for conspiracy to commit fraud. Defendants Starstone and McCready were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be

taken against Plaintiffs, Defendants Starstone and McCready committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## KNOWLEDGE

59.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

60.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

61.    As previously mentioned, the damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Starstone's and McCready's mishandling of Plaintiffs' claim in violation of the laws set forth above.

62.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

63.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

64.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum

on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

65.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

66.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

67.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the below signed attorneys.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Page 15

Respectfully Submitted,

Cristobal M. Galindo, P.C

_____
Cristobal M. Galindo
Texas Bar No.  24026128
4151 Southwest Freeway, Suite 602
Houston, Texas  77027
T: 713.228-3030  /  F: 713.228-3003
E-Mail: StormCase@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

Page 16

PRIVATE PROCESS



2016CI19682  S00001

Case Number: 2016-CI-19682

**CORNELIO GARCIA ET AL**

**vs.**

**STARSTONE NATIONAL INSURANCE COMPANY ET**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: STARSTONE NATIONAL INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF NOVEMBER A.D., 2016.

PETITION

CRISTOBAL M GALINDO
ATTORNEY FOR PLAINTIFF
4151 SOUTHWEST FWY 602
HOUSTON, TX 77027-7312



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu*, Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____

Date certification expires:_____

_____County, Texas

By:_____

OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____

NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____, _____(County).

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

Donna Kay McKinney
Bexar County District Clerk
*11.18/197*

**PRIVATE PROCESS**
Accepted By: Larry Botello Jr.

Case Number: 2016-CI-19682

2016CI19682 S00001

**CORNELIO GARCIA ET AL**
**vs.**
**STARSTONE NATIONAL INSURANCE COMPANY ET**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STARSTONE NATIONAL INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF NOVEMBER A.D., 2016.

PETITION

CRISTOBAL M GALINDO
ATTORNEY FOR PLAINTIFF
4151 SOUTHWEST FWY 602
HOUSTON, TX 77027-7312



Donna Kay M<sup>c</sup>Kinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____ o'clock ___M. and:( ) **executed**
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) **not executed**
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my
address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20_____.

Declarant
RETURN TO COURT (DK002)

## CAUSE NO. 2016-CI-19682

**CORNELIO GARCIA AND**
**GREISELDA GARCIA**
**VS.**

**STARSTONE NATIONAL**
**INSURANCE COMPANY AND**
**MILES RYAN MCCREADY**

IN THE 438TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _____Guy C. Connelly_____ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _____Guy C. Connelly_____ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON __11/29/16__ (DATE) AT __10:30__ (A) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to STARSTONE NATIONAL INSURANCE COOMPANY BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM.

3. ON __11/29/16__ (DATE) AT __12:15__ (P) M (TIME) - The above named documents were delivered to: STARSTONE NATIONAL INSURANCE COOMPANY BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM by delivering to

_TERI THONGSAVAT, P.S._
(NAME AND TITLE), authorized agent for service @

_1999 BRYAN, SUITE 900, DALLAS, TX 75201_
(ADDRESS), by CORPORATE Service

SIGNATURE
SCH#__2201__ EXPIRATION: __9/30/18__

Guy C. Connelly
AFFIANT PRINTED NAME

**SWORN TO AND SUBSCRIBED** before me by Guy C. Connelly _____ appeared on this __29__ day of _November_ 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.11.181197

ANNA M CONNELLY
My Commission Expires
March 1, 2019

PRIVATE PROCESS

Case Number: 2016-CI-19682

2016CI19682 S00002

CORNELIO GARCIA ET AL
**VS.**
STARSTONE NATIONAL INSURANCE COMPANY ET
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MILES RYAN MCCREADY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF NOVEMBER A.D., 2016.

PETITION

CRISTOBAL M GALINDO
ATTORNEY FOR PLAINTIFF
4151 SOUTHWEST FWY 602
HOUSTON, TX 77027-7312



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____, _____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant                    FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

11.181200
Bexar County District Clerk

PRIVATE PROCESS

Accepted By: Larry Botello Jr.

Case Number: 2016-CI-19682

2016CI19682  S00002

**CORNELIO GARCIA ET AL**

**VS.**

**STARSTONE NATIONAL INSURANCE COMPANY ET**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MILES RYAN MCCREADY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF NOVEMBER A.D., 2016.

PETITION

CRISTOBAL M GALINDO
ATTORNEY FOR PLAINTIFF
4151 SOUTHWEST FWY 602
HOUSTON, TX 77027-7312



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Debra Cantu*, Deputy

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:(  ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or (  ) **not executed** because _____, Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR:  VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Declarant

RETURN TO COURT (DK002)

## CAUSE NO. 2016-CI-19682

CORNELIO GARCIA AND
GREISELDA GARCIA

VS.

STARSTONE NATIONAL
INSURANCE COMPANY AND
MILES RYAN MCCREADY

IN THE 438TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY,
TEXAS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Doug Hubbs_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Doug Hubbs_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:
_7116 Dove Tail Dr. McKinney, Tx 75070_
(SERVER'S ADDRESS)

2. ON _11-23-16_ (DATE) AT _4:00_ (_P_) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to MILES RYAN MCCREADY.

3. ON _11-28-16_ (DATE) AT _2:25_ (_P_) M (TIME) - The above named documents were delivered to: MILES RYAN MCCREADY at:
_505 E. Exchange Pkwy, Apt 3301, Allen, TX 75002_
(ADDRESS), by PERSONAL Service

SIGNATURE
SCH# _7364_ EXPIRATION: _8-51-19_
_Doug Hubbs_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Doug Hubbs_ appeared on this _30th_ day of _November_, 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
2016.11.181200

ERIC R NEASE
NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID 12872
09/12/2019

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*December 22, 2016*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

**By:** _____

CYNTHIA J APONTE, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CORNELIO GARCIA AND** | § | |
| **GRISELDA GARCIA,** | § | |
| Plaintiffs, | § | |
| | § | **CIVIL ACTION NO._____** |
| v. | § | **JURY DEMANDED** |
| | § | |
| **STARSTONE NATIONAL** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MILES RYAN MCCREADY,** | § | |
| Defendants. | § | |
| | § | |

---

## VERIFICATION

---

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Mikell A. West, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Mikell A. West. I am one of the Attorneys of Record for Defendants Starstone National Insurance Company and Miles Ryan McCready in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein.

"Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Starstone National Insurance Company's Original Answer filed with the Bexar County District Clerk in Cause No. 2016CI19682 on December 22, 2016.

"Attached hereto as 'Exhibit 2' is a true and correct copy of Defendant Starstone National Insurance Company's Demand for Jury filed with the Bexar County District Clerk in Cause No. 2016CI19682 on December 22, 2016.

"Attached hereto as 'Exhibit 3' is a true and correct copy of Defendant Miles Ryan McCready's Original Answer filed with the Bexar County District Clerk in Cause No. 2016CI19682 on December 28, 2016.

"Attached hereto as 'Exhibit 4' is a true and correct copy of Defendant Miles Ryan McCready's Demand for Jury filed with the Bexar County District Clerk in Cause No. 2016CI19682 on December 28, 2016.

"These factual statements are within my personal knowledge, and are true and correct."

Further affiant sayeth not.

_____

Mikell A. West

SUBSCRIBED AND SWORN TO BEFORE ME by Mikell A. West on this the 29 day of December, 2016, to certify which witness my hand and official seal.



Notary Public, in and for the
State of Texas

NOTARY PUBLIC
STATE OF TEXAS
DEBRA ANN GONGORA
My Commission Expires
February 13, 2019

FILED
12/22/2016 2:53:58 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2016CI19682

| | | |
|---|---|---|
| CORNELIO GARCIA AND | § | IN THE DISTRICT COURT |
| GRISELDA GARCIA | § | |
| | § | |
| VS. | § | 438TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY AND MILES RYAN | § | |
| MCCREADY | § | BEXAR COUNTY, TEXAS |

### DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY'S
### ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STARSTONE NATIONAL INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

      a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and



EXHIBIT

1

b.      that Plaintiffs have provided the required written notice under Section
        541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Pleading further and without waiver of the above, Defendant requests that this Court
compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a).  This mediation is required
under the Texas Insurance Code and Texas Business & Commerce Code.  TEX. INS. CODE
§ 541.161(b).

4.

## PLEA IN ABATEMENT

A.      In Plaintiffs' Original Petition, Plaintiffs have alleged causes of action pursuant to
Chapter 541 of the Texas Insurance Code.  Chapter 541.154 provides, in pertinent part, "[a] person
seeking damages in an action against another person under this subchapter must provide written
notice to the other person not later than the 61st day before the date the action is filed."  TEX. INS.
CODE § 541.154 (Vernon Supp. 2005).  Additionally, Chapter 541.155 of the Texas Insurance
Code provides that the Court shall abate the action, if the Court finds that the claimant failed to
provide the requisite notice.  TEX. INS. CODE § 541.155 (Vernon Supp 2005).

B.      Defendant has not received adequate written notice in compliance with the
requirements of the Texas Insurance Code.

C.      Accordingly, Defendant is entitled to an abatement of these proceedings pursuant
to Chapter 541 of the Texas Insurance Code.

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant go hence with its costs

without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
717 Everhart, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
    Thomas F. Nye
    State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT STARSTONE
NATIONAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 22ⁿᵈ day of December, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

Thomas F. Nye

## VERIFICATION OF R. TRAVIS MILLER

| | |
|---|---|
| **THE STATE** | § |
| | § |
| **OF TEXAS** | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller. I am an Authorized Agent for Starstone National Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4B of Defendant's Answer and it is true and correct."

Further affiant sayeth not.

_____
R. Travis Miller, Authorized Agent for
Starstone National Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 21 day of December, 2016, to witness my hand and official seal of office.

_____
Notary Public in and for
the State of Texas

FILED
12/22/2016 2:53:58 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2016CI19682

| | | |
|---|---|---|
| CORNELIO GARCIA AND GRISELDA GARCIA | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | BEXAR COUNTY, TEXAS |
| STARSTONE NATIONAL INSURANCE COMPANY AND MILES RYAN MCCREADY | § § § § | 438TH JUDICIAL DISTRICT |

### DEFENDANT'S DEMAND FOR JURY

COMES NOW, STARSTONE NATIONAL INSURANCE COMPANY, Defendant in the above-referenced cause, and demands a trial by jury and hereby deposits its Forty Dollars ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
    Thomas F. Nye
    State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY



EXHIBIT
2

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 22ⁿᵈ day of December, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

Thomas F. Nye

FILED
12/28/2016 4:17:20 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2016CI19682

| | | |
|---|---|---|
| CORNELIO GARCIA AND | § | IN THE DISTRICT COURT |
| GRISELDA GARCIA | § | |
| | § | |
| VS. | § | 438TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY AND MILES RYAN | § | |
| MCCREADY | § | BEXAR COUNTY, TEXAS |

## DEFENDANT MILES RYAN MCCREADY'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MILES RYAN MCCREADY, Defendant in the above-styled and numbered cause, and make and files this, his Original Answer in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Original Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

    a.   that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and



EXHIBIT
3

b.    that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant go hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
717 Everhart, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
       Thomas F. Nye
       State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT MILES RYAN
MCCREADY

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 28th day of December, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

_____
Thomas F. Nye

FILED
12/28/2016 4:17:20 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2016CI19682

| | | |
|---|---|---|
| CORNELIO GARCIA AND GRISELDA GARCIA | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | BEXAR COUNTY, TEXAS |
| STARSTONE NATIONAL INSURANCE COMPANY AND MILES RYAN MCCREADY | § § § § | 438TH JUDICIAL DISTRICT |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, MILES RYAN MCCREADY, Defendant in the above-referenced cause, and

demands a trial by jury. The jury fee has previously been paid by the Co-Defendant.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com


By: _____
        Thomas F. Nye
        State Bar No. 15154025


William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT MILES RYAN
MCCREADY



EXHIBIT
4

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 28ᵗʰ day of December, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Cristobal M. Galindo
Cristobal M. Galindo, P.C.
Email: stormcase@galindolaw.com

**VIA E-FILING**

Thomas F. Nye